LEO D. PLOTKIN (SBN 101893)
ERIC H. GEFFNER (SBN 252681)
LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations
815 Moraga Drive
Los Angeles, CA 90049
Telephone: (310) 471-3000
Facsimile: (310) 471-7990
Email: lplotkin@lsl-la.com
       egeffner@lsl-la.com

Attorneys for Secured Creditor
VFS Financing, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>KRYSTAL AIR, LLC,<br><br>          Debtor. | Case No. 1:10-bk-23983-MT<br><br>**OPPOSITION BY SECURED CREDITOR VFS FINANCING, INC. TO MOTION BY DEBTOR AND DEBTOR-IN-POSSESSION TO OBTAIN POST-PETITION FINANCING ON AN UNSECURED BASIS PURSUANT TO BANKRUPTCY CODE SECTION 364(b)**<br><br>Date:       November 29, 2010<br>Time:      10:00 a.m.<br>Courtroom:  302 |

Secured Creditor VFS Financing, Inc. ("VFS") hereby opposes the Motion by Debtor and Debtor-In-Possession to Obtain Post-Petition Financing on an

1

Unsecured Basis Pursuant to Bankruptcy Code Section 364(b) (the "Financing Motion") for the following reasons:

- Debtor's principal, Edward P. Grech ("Grech"), proposes to loan Debtor the sum of $100,000 on an as-needed basis. However, Grech withdrew from Debtor's accounts a far larger sum—$150,700—within the three months preceding bankruptcy. Debtor's only source of revenue is through operation of the aircraft that serves as VFS's collateral; therefore, Debtor's payment to Grech was made with VFS's cash collateral. Debtor should not be permitted to defeat VFS's security interest by withdrawing funds subject to such security interest pre-petition and then turning around and loaning it back to Debtor post-petition. The Financing Motion should be denied absent a convincing showing from Grech that the source of the proposed loan is something other than the money Grech pulled out from Debtor pre-petition.

- Debtor's $150,700 of payments to Grech may well be subject to avoidance as preferential. (The $12,000 of payments to Land Rover Financial Group and to Porsche—who are not identified as Debtor's creditors in the bankruptcy schedules—in the 90 days preceding bankruptcy were also likely payments for Grech's benefit.) Debtor therefore has a source of funds through preference actions against Grech that should be explored before Grech is granted an administrative priority for lending back such funds to Debtor.

- Debtor still has failed to submit any evidence whatsoever concerning its historical results of operations or projections of its operations for the post-petition period and the bases therefore. As set forth in VFS's Motion for Relief from the Automatic Stay, the scant financial information available demonstrates that Debtor has been losing money

2

at least since 2008.[1] Further, the budget attached to the Financing Motion shows a dramatic drop in actual and projected revenue in the post-petition period with no explanation from Debtor.[2] There appears to be no realistic prospect of reorganization. Approval of the proposed financing and the concomitant request for administrative priority will serve only to create an administratively insolvent estate, if the estate is not already administratively insolvent.

- Debtor appears to rely on an as-yet unfiled contract with Pegasus Elite Aviation, Inc. ("Pegasus"), a Nevada corporation less than one year old that has not qualified to do business in California, as its financial salvation. (See Declaration of Eric H. Geffner attached hereto at ¶ 3 and Exhibit 1.) However, (a) the only contract with Pegasus that has been provided to VFS has not been signed by Debtor, and (b) Debtor has failed to provide the Annual Operating Budget that is an integral part of the agreement. (Geffner Declaration, ¶ 2.) The only thing clear about this Debtor is its desire to hide the ball from both VFS and this Court.

- Debtor fails to disclose any of the terms or conditions of the proposed financing. No proposed loan agreement has been attached to the Financing Motion as required by Rule 4001(c)(1)(A) of the Federal Rules of Bankruptcy Procedure ("FRBP"), nor does the motion state the material provisions of the proposed agreement as required by Rule

---

[1] VFS notes that Debtor suggests its year over year revenues increased from $1,220,013 in 2008 to $1,492,255 in 2009. (Statement of Financial Affairs, Docket 29, p. 1.) However, when Debtor provided VFS with a financial statement for 2008 and 2009 pre-petition, it represented charter revenues of $1,740,903 in 2008, demonstrating a sharp decline in revenues from 2008 to 2009. (Motion for Relief from Stay, Ex. 11.)

[2] The budget submitted with the cash collateral motion projected revenues of $120,000 from Jet Edge for October, payable on November 22, 2010; actual revenues, according to the latest budget, was $54,600.06. [Docket 48, p. 21.] Further, the payment for November operations that Debtor projected would equal $150,000 only a couple of weeks ago is now projected to be $75,000. [Docket 48, p. 21.]

3

4001(c)(1)(B) of the FRBP and Local Rule 4001-2(c), including maturity, events of default, and the rate of interest (although the proposed order states that no interest will be charged). The absence of the requisite terms of the proposed financing mandates denial of the Financing Motion.

- In the event that the Court grants the Financing Motion, its order should include a provision that Debtor will not be entitled to seek superpriority status for its administrative claim on account of such financing. VFS, however, will be entitled to an administrative superpriority claim under 11 U.S.C. § 507(b) in the event the Court were to order Debtor to make adequate protection payments to VFS in lieu of granting VFS's motion for relief from the automatic stay, and to the extent such adequate protection payments prove to be insufficient to protect VFS from the actual decline in value of its collateral. *In re Rebel Rents, Inc.*, 291 B.R. 520, 534 (Bankr. C.D. Cal. 2003). VFS accordingly may become entitled to an administrative expense of superpriority that must have priority over Grech's administrative claim arising from the proposed financing.

For the foregoing reasons, VFS respectfully requests that the Court deny the Financing Motion.

DATED: November 24, 2010

LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations

By: /s/ Leo D. Plotkin
LEO D. PLOTKIN
Attorneys for Secured Creditor
VFS Financing, Inc.

4

# DECLARATION OF ERIC H. GEFFNER

I, Eric H. Geffner, declare as follows:

1. I am an attorney at law duly admitted to practice before this Court and all courts in the State of California and am an associate of Levy, Small & Lallas, A Partnership Including Professional Corporations, attorneys for Secured Creditor VFS Financing, Inc. in this action. I have personal, first-hand knowledge of the entire contents of this Declaration and, if called upon to do so, I could and would competently testify thereto.

2. On November 19, 2010, Debtor's counsel emailed me a copy of a document titled Aircraft Lease and Services Agreement between Pegasus Elite Aviation, Inc., a Nevada corporation ("Pegasus"), and Debtor. The document was signed by Pegasus, but not by Debtor. Further, the document references an Annual Operating Budget that was to be attached as Appendix A but which was not included with the agreement Debtor provided. Despite our request, Debtor's counsel has not provided the Annual Operating Budget.

3. Attached as Exhibit 1 to this Declaration is a true copy of a Certificate of Existence with Status of Good Standing I obtained from the Nevada Secretary of State for Pegasus, which shows that Pegasus was incorporated in Nevada less than a year ago, on December 16, 2009. I have also conducted a business name search for Pegasus on the California Secretary of State's website, and there is no evidence that Pegasus has qualified to do business in California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of November, 2010 at Los Angeles, California.

Eric H. Geffner


## NATIONAL CORPORATE RESEARCH, LTD.

Los Angeles Office  523 West 6th Street, Suite 544
888-600-9540  Los Angeles, California 90014

November 19, 2010    L056544

**Name Searched:**    PEGASUS ELITE AVIATION, INC.

**Client Reference:**

**Type of Search:**    Certificate of Good Standing

**Jurisdiction:**    NV, Secretary of State

**Thru Date:**    11/19/2010

**Comments:**    Certificate of Good Standing attached

| | | |
|---|---|---|
| Service Fee: | $ | 38 |
| Disbursement: | $ | 50 |
| Misc. Charge | $ | |
| Total: | $ | 88 |

EXHIBIT 1

Reasonable care is exercised in the completion of all service requests, however, as the responsibility for the accuracy of the public records rests with the filing officer, we accept no liability for the report contained herein.

6



# CERTIFICATE OF EXISTENCE
# WITH STATUS IN GOOD STANDING

I, ROSS MILLER, the duly elected and qualified Nevada Secretary of State, do hereby certify that I am, by the laws of said State, the custodian of the records relating to filings by corporations, non-profit corporations, corporation soles, limited-liability companies, limited partnerships, limited-liability partnerships and business trusts pursuant to Title 7 of the Nevada Revised Statutes which are either presently in a status of good standing or were in good standing for a time period subsequent of 1976 and am the proper officer to execute this certificate.

I further certify that the records of the Nevada Secretary of State, at the date of this certificate, evidence, **PEGASUS ELITE AVIATION, INC.**, as a corporation duly organized under the laws of Nevada and existing under and by virtue of the laws of the State of Nevada since December 16, 2009, and is in good standing in this state.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of State, at my office on November 19, 2010.

ROSS MILLER
Secretary of State

Electronic Certificate
Certificate Number: C20101119-2460
You may verify this electronic certificate
online at **http://www.nvsos.gov/**

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

815 Moraga Drive, Los Angeles, CA 90049-1633

A true and correct copy of the foregoing document described as **OPPOSITION BY SECURED CREDITOR VFS FINANCING, INC. TO MOTION BY DEBTOR AND DEBTOR-IN-POSSESSION TO OBTAIN POST-PETITION FINANCING ON AN UNSECURED BASIS PURSUANT TO BANKRUPTCY CODE SECTION 364(b)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 24, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Ron Bender (Counsel for Debtor)            rb@lnbrb.com
Katherine Bunker (Counsel for U.S. Trustee)    kate.bunker@usdoj.gov
U.S. Trustee                               ustpregion16.wh.ecf@usdoj.gov

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 24, 2010,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**VIA MESSENGER**
The Honorable Maureen A. Tighe
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 325
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 24, 2010 | | /s/ Heidi Petrilli |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                **F 9013-3.1.PROOF.SERVICE**